**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEFFREY P. MARABLE,
           Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
           Agency.

DOCKET NUMBER
AT-0752-16-0521-I-1

DATE: June 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric F. Adams, Esquire, Huntsville, Alabama, for the appellant.

Tsopei Robinson, Esquire, Montgomery, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his involuntary disability retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

At all times relevant to this appeal, the appellant was employed by the agency as a phlebotomist.  Hearing Compact Disc (HCD) (testimony of the appellant).  During his employment with the agency, he suffered from Charcot Marie Tooth disease, a disorder affecting the nerves in a patient's hands and feet causing an inability to perform fine motor tasks or walk or stand for long periods. Initial Appeal File (IAF), Tab 4 at 6.  On or around April 15, 2014, the appellant met with his acting charge nurse to discuss his excessive use of sick leave.  IAF, Tab 8 at 4.  During the meeting, the two discussed the possibility of the appellant applying for disability retirement or requesting a reasonable accommodation.  *Id.*

On July 24, 2014, the appellant filed for disability retirement, IAF, Tab 14 at 56-57, 62-63, 68-72, and on September 17, 2014, the appellant sought a reasonable accommodation from the agency, *id.* at 74-75.  To support his request for a reasonable accommodation, the appellant submitted medical documentation from his physician, who recommended that he take breaks every 2 hours during the workday.  *Id.* at 79-80, 82-83.  It appears undisputed that the agency implemented this recommendation.  HCD (testimony of the reasonable

accommodation coordinator); IAF, Tab 14 at 91. Subsequently, the appellant submitted another letter from his physician dated April 10, 2015, recommending that the appellant take a break every hour. IAF, Tab 14 at 88-89. On April 15, 2015, the reasonable accommodation coordinator emailed the appellant acknowledging the new accommodation request and suggesting that he extend his tour of duty (TOD) by 30 minutes so that he did not have to take leave for the extra breaks. *Id.* at 91.

¶4    Before the appellant responded to the email, in a letter dated May 1, 2015, the Office of Personnel Management (OPM) informed the agency's human resources specialist that it had approved the appellant's application for disability retirement. *Id.* at 97-98. The human resources specialist spoke with the appellant on or before May 12, 2015, to discuss the disability retirement and reasonable accommodation. *Id.* at 100. Although the appellant expressed reservations about proceeding with the disability retirement, it is undisputed that the human resources specialist informed the appellant that he could choose to withdraw his disability retirement application and continue to pursue his reasonable accommodation request. *Id.*; HCD (testimony of the human resources specialist and the appellant). On May 15, 2015, the appellant informed the reasonable accommodation coordinator that he was retiring, effective June 17, 2015, and wanted to exhaust his sick leave. IAF, Tab 14 at 54, 104.

¶5    Approximately 1 year later, the appellant filed the instant Board appeal asserting that his disability retirement was involuntary.[2] IAF, Tab 1. He argued that the agency did not provide him with an opportunity to decide whether to continue with the reasonable accommodation process or to accept the disability retirement. IAF, Tab 4 at 3, Tab 8 at 4-5. He also claimed that the agency failed

---

[2] Shortly after the appellant retired, he filed a formal equal employment opportunity complaint with the agency alleging that he was discriminated against based on his disability when he was denied a reasonable accommodation and forced to accept disability retirement. IAF, Tab 14 at 18-19. On April 19, 2016, the agency issued a final agency decision finding no discrimination. IAF, Tab 17 at 20-26.

to explain to him that he had the option of withdrawing his application for disability retirement. IAF, Tab 18 at 3. He asserted, moreover, that his alleged involuntary disability retirement was motivated by discrimination based upon his disability. IAF, Tab 4 at 1, Tab 18 at 3.

¶6    The administrative judge found that the appellant made nonfrivolous allegations that his disability retirement was involuntary and held a hearing where the appellant then was required to prove jurisdiction by preponderant evidence. IAF, Tab 18 (citing *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 12 (2007)); Tab 19. On September 20, 2017, the administrative judge issued an initial decision finding that the appellant failed to establish that his disability retirement was involuntary and dismissing the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID) at 1, 11.

¶7    The appellant has filed a petition for review arguing that the administrative judge failed to consider important evidence and that the agency failed to follow its own procedures regarding reasonable accommodations. Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    A retirement is presumed to be voluntary and therefore outside the Board's jurisdiction. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). An involuntary retirement, however, is equivalent to a forced removal within the Board's jurisdiction under Title 5 of the U.S. Code, chapter 75. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006). Generally, an appellant who claims that a retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, for example, by showing that the retirement was the result of misinformation or deception of the agency, intolerable working conditions, or the unjustified threat of an adverse action. *SanSoucie*, 116 M.S.P.R. 149, ¶ 14. The appellant has the burden of

proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶9 However, the Board has recognized that involuntary disability retirement cases are somewhat different from ordinary involuntary retirement appeals. In most cases, an appellant who alleges that his disability retirement was involuntary must show: (1) that he indicated to the agency that he wished to continue working, but that his medical limitations required a modification of his work conditions or duties, i.e., accommodation; (2) there was a reasonable accommodation available during the period between the date on which the appellant indicated to the agency that he had medical limitations but desired to continue working and the date that he was separated would have allowed him to continue working; and (3) the agency unjustifiably failed to offer that accommodation. *SanSoucie*, 116 M.S.P.R. 149, ¶ 15.

¶10 Here, the administrative judge found that the appellant established that he desired to continue working. ID at 6. Nonetheless, he also found that the agency accommodated the appellant's request for a break every 2 hours pursuant to his physician's recommendations. ID at 7. Regarding the appellant's second accommodation request for a break every hour, the administrative judge noted that the appellant provided no response to the agency's suggestion of expanding his TOD by 30 minutes until after learning of OPM's approval of his disability retirement application and acknowledged that, because the appellant elected to exhaust his remaining sick leave and retire on disability, the agency stopped processing his most recent accommodation request. ID at 8. Regarding other accommodations, the administrative judge found that the appellant failed to establish that any restructuring or reassignment of his job was available, let alone unjustifiably denied by the agency. ID at 9-10. Further, the administrative judge considered that the human resources specialist informed the appellant that he could rescind his application for disability retirement. ID at 10; HCD (testimony of the human resources specialist and the appellant). Thus, the administrate judge

found that the appellant failed to establish that his retirement was involuntary.[3] ID at 11. As discussed below, the appellant has provided no basis for disturbing these findings on review.

<u>The administrative judge properly considered the evidence.</u>

¶11    On review, the appellant argues that the administrative judge ignored several pieces of evidence. PFR File, Tab 1 at 4. Specifically, the appellant argues that the administrative judge failed to consider his diary wherein he detailed instances when he was not permitted to take any breaks and the letter from the appellant's physician recommending that the appellant take a break every hour. *Id.* We find this argument to be meritless because the administrative judge explicitly considered and discussed both pieces of evidence in the initial decision. ID at 4-5, 8. Regarding the appellant's calendar entries, the administrative judge observed that those records are from March and April 2014, IAF, Tab 17 at 40-43, which precedes the September 2014 reasonable accommodation request, ID at 8; IAF, Tab 14 at 74-75. The administrative judge noted that there are no calendar entries in the record for the time period between the date the appellant requested a reasonable accommodation and the date he retired. ID at 8. We agree with the administrative judge's assessment of this evidence and are not persuaded that it demonstrates a failure to accommodate the appellant's disability.

¶12    As previously noted, the administrative judge also considered the letter from the appellant's physician recommending breaks every hour and discussed the agency's suggestion in response to it. ID at 4, 8. He also highlighted the human resources specialist's testimony that, because the appellant proceeded with his disability retirement, the agency stopped processing his most recent

---

[3] Because the administrative judge found that the appellant failed to prove that his disability retirement was involuntary, he also concluded that the Board lacked jurisdiction to adjudicate the appellant's discrimination claims. ID at 11-12 (citing *Garcia*, 437 F.3d at 1324-25).

reasonable accommodation request. ID at 8; HCD (testimony of the human resources specialist). We have reviewed the record, and we agree with the administrative judge's discussion of the letter regarding the second reasonable accommodation request.

¶13    Ultimately, we find that the appellant's arguments regarding the administrative judge's weighing of the evidence amount to nothing more than a disagreement with his conclusions, and we find no basis to disturb these findings.[4]  *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[4] Following the close of the record on review, the appellant submitted a motion for leave to file an additional pleading. PFR File, Tab 5. Pursuant to 5 C.F.R. § 1201.114(k), once the record closes, no additional evidence or argument will be accepted unless it is new and material, as defined under 5 C.F.R. § 1201.115(d), and the party submitting it shows that the evidence was not readily available before the record closed. Here, the record closed on or around December 8, 2017, and the appellant wishes to submit a December 22, 2017 Social Security Administration (SSA) Notice of Disapproved Claim, which, he asserts, concluded, among other things, that although he has medical limitations, he has "the capacity to perform the type of work as it is normally performed in the national economy." PFR File, Tab 5 at 2. Although this document appears to be new, we find that it is not material. The document, as described by the appellant, concerns his ability to perform work—not the availability or denial of a reasonable accommodation, which are the primary considerations in an involuntary disability retirement appeal. *SanSoucie*, 116 M.S.P.R. 149, ¶ 15; *see supra* ¶ 9. Thus, the appellant has not sufficiently established that this new evidence would affect the outcome of his appeal. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015) (explaining that the Board will not consider evidence submitted for the first time on review absent a showing that the evidence is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, the motion for leave to file an additional pleading is denied. *See* 5 C.F.R. §§ 1201.114(k), 1201.115(d).

<u>The appellant's allegation that the agency failed to follow its own policy concerning reasonable accommodations does not provide a basis for review.</u>

¶14      The appellant also argues on review that the agency failed to abide by its own policy in handling reasonable accommodation requests. PFR File, Tab 1 at 2-9. Specifically, he argues that the agency violated the procedures set forth in the Department of Veterans Affairs (VA) Handbook 5975.1 and the Carl Vinson VA Medical Center Reasonable Accommodation Policy. *Id.* at 2-3, 6-7. Regarding the VA Handbook, we note that there is no copy of the handbook in the record, nor has the appellant attempted to submit a copy into the record. Further, although the appellant claims on review that he previously asserted that the agency failed to follow its procedures, PFR File, Tab 4 at 2, we are unable to locate those arguments in the record. Thus, it appears that the appellant raises this argument for the first time on review. The Board has held that it generally will not consider arguments raised for the first time on review absent a showing that they are based on new and material evidence not previously available despite the party's due diligence. *Fleming v. Department of Labor*, 97 M.S.P.R. 341, ¶ 9 (2004); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has failed to make such a showing concerning the VA Handbook.

¶15      Regarding the Carl Vinson VA Medical Center Reasonable Accommodation Policy, IAF, Tab 17 at 27-38, the administrative judge found this document to be irrelevant because the appellant did not work at the Carl Vinson VA Medical Center in Dublin, Georgia, HCD (statements of the administrative judge); IAF, Tab 6 at 8. Therefore, the document was not accepted into the record. We have reviewed the statements on the hearing disc concerning this ruling, and we agree with the administrative judge that the policy is not relevant to the instant case. *See* 5 C.F.R. § 1201.41(b); *Brown v. U.S. Postal Service* 81 M.S.P.R. 16, 21 n.4 (1999) (finding that ruling on the admissibility of evidence and its relevance is within an administrative judge's sound discretion). Therefore, any argument relying on this policy attempting to show that the agency did not follow

reasonable accommodation procedures does not show that the appellant's retirement was involuntary. Moreover, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claim that the agency committed harmful error by violating this policy. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that the Board lacked jurisdiction over the appellant's harmful error claim absent an appealable underlying action).[5]

¶16        Based on the foregoing, we conclude that the appellant has not established any basis for granting his petition for review, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] To the extent the appellant argues that there is a 30-day timeframe to process accommodation requests, PFR File, Tab 1 at 3; IAF, Tab 17 at 39, the reasonable accommodation coordinator testified that each request is handled differently and can require different timeframes based on the complexity of the disability and request. HCD (testimony of the reasonable accommodation coordinator). Thus, it is not clear that the 30-day timeframe policy even applies here. To the extent the appellant is arguing that the agency committed harmful procedural error in failing to follow this policy, as noted above, the Board would lack jurisdiction over any such claim. *See Penna*, 118 M.S.P.R. 355, ¶ 13.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                                Jennifer Everling
                                                Acting Clerk of the Board
Washington, D.C.